# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 14cr3256 JM |
| Plaintiff, | ORDER DENYING MOTION TO DISMISS INDICTMENT |
| v. | |
| ALGERNON LUNDY, | |
| Defendant. | |

Defendant Algernon Lundy moves to dismiss the indictment accusing him of human trafficking in violation of 18 U.S.C. §§1591(a) and (b). The Government opposes the motion. Having carefully considered the papers submitted, the arguments presented, and appropriate legal authorities, the court denies the motion to dismiss the indictment.

## Background

On November 6, 2014, the grand jury returned a four-count indictment charging Defendant, aka "too Beneficial," with four counts of trafficking children in violation of 18 U.S.C. §§1594(c) and 1591(a), and a criminal forfeiture account. Defendant's co-defendant, Tahjarica Howard, pleaded guilty to 18 U.S.C. §1952, Interstate Travel in Aid of Racketeering Enterprise, and on July 13, 1015, received a custodial sentence of 21 months.

Count 1 alleges that Defendant and his co-defendant:

/ / /

did conspire with each other and others to recruit, entice, harbor, transport, provide, obtain and maintain by any means a person and did benefit, financially and by receiving anything of value, from participation in a venture which has engaged in an act or recruiting, enticing, harboring, transporting, providing, obtaining, and maintaining by any means a person, including but not limited to Juvenile Victim 2 (JV2 - age 17) and JV4 (age 17) knowing that the person had not attained the age of 18 years of age and would be caused to engage in a commercial sex act; in violation of Title 18, United States Code, Section 1591 (a) and (b) and Title 18, United States Code, Section 1594©.

Substantive Counts 2, 3, and 4, allege that Defendants did engage in "pimping" for three 17-year-old girls as to JV2, JV3, and JV4 (Counts 3, 4, and 2, respectively). (Motion at p.4:26).[1] The indictment also includes forfeiture allegations.

## The Statutory Scheme

All counts charge Defendants with violating 18 U.S.C. §1591(a) and (b):

a) Whoever knowingly--

    (1) in or affecting interstate or foreign commerce, . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or

    (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

(b) The punishment for an offense under subsection (a) is--

    (1) if the offense was effected by means of force, threats of force, fraud, or coercion described in subsection (e)(2), or by any combination of such means, or if the person recruited, enticed, harbored, transported, provided, obtained, advertised, patronized, or solicited had not attained the age of 14 years at the time of such offense, by a fine under this title and imprisonment for any term of years not less than 15 or for life; or

---

[1] The Government proffers that JV3 and JV2 both informed Defendant that they were 17-years-old.

    (c) In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited, the Government need not prove that the defendant knew, or recklessly disregarded the fact, that the person had not attained the age of 18 years.

**The Motion**

Defendant contends that the language of 18 U.S.C. §1591(c) is too vague and indeterminate to satisfy the Due Process Clause of the Fifth Amendment. The challenged language provides that, in a §1591(a)(1) prosecution, "the Government need not prove that the defendant knew, or recklessly disregarded the fact, that the person had not attained the age of 18 years." 18 U.S.C. §1591(c). Specifically, Defendant concludes that the phrase "reasonable opportunity to observe" fails to provide a person of ordinary intelligence with the wherewithal to determine what this element means or whether it has been met.

The court rejects Defendant's arguments because every cited authority has concluded that 18 U.S.C. §1591(c) is not unconstitutionally vague. A facial challenge, like that raised by Defendant here, is "the most difficult challenge to mount successfully" because it requires a defendant to show "that no set of circumstances exists under which the [statute] would be valid." United States v. Salerno, 481 U.S. 739, 745 (1987).

In United States v. Robinson, 702 F.3d 22 (2nd Cir. 2012), the defendant challenged 18 U.S.C. §1591(c) on vagueness grounds. Viewed in context, the Second Circuit concluded that "the most natural reading of this provision is that proof that the defendant had a reasonable opportunity to observe the victim may substitute for proof that the defendant knew the victim's underage status." Id. at 32. This "commonsensical understanding of §1591(c) also vindicates the 'cardinal rule that, if possible, effect shall be given to every clause and part of a statute." Id. (quoting RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 132 S.Ct. 2065, 2071 (2012). The Second Circuit also noted that the general mens rea presumption in the criminal

context "does not apply to sex crimes against minors." Id. The interpretation of §1591(c) (i.e. that the government may prove that the defendant had a reasonable opportunity to observe the victim in lieu of proving knowledge or reckless disregard of the victim's age) is consistent with other "federal child-protective statutes that use nearly identical language and that have been interpreted to 'lack [] mens rea requirements with respect to [the victim's] age." Id. at 33 (quoting United States v. Jennings, 496 F3d 344, 353 (4th Cir.). For example, in 18 U.S.C. §2241 and §2243, two provisions that punish the sexual abuse of children provide specific state of mind requirements: "the Government need not prove that defendant knew" the victim was a minor. 18 U.S.C. §2241 and §2243. The court further notes that both federal and state statutory rape laws do not require a defendant to know that the victim was underage.² See United States v. Moxie, 752 F.3d 1271 (11th Cir. 2014) (noting that the terms "reckless disregard" and "reasonable opportunity to observe" "are familiar legal concepts that have played an integral role in defining proscribed conduct over the years). Furthermore, as noted by the Ninth Circuit, the phrase "a reasonable opportunity to observe" is not unconstitutionally vague and comports with due process. United States v. Rico, 619 Fed.Appx. 595, 598 (9th Cir. 2015). Under these authorities, Defendant cannot prevail on his motion.

In sum, the court denies the motion to dismiss the indictment.

**IT IS SO ORDERED.**

DATED: February 9, 2016

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties

---

² However, the Government must still show that Defendant knowingly recruited, enticed, harbored, transported, provided, obtained or maintained by any means a person to engage in a commercial sex act. 18 U.S.C. §§1591, 2421, 2423.